# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs November 6, 2007

## STATE OF TENNESSEE v. TROY SOLLIS

**Appeal from the Circuit Court for Crockett County**
**No. 3844     Clayburn Peeples, Judge**

_____

**No. W2007-00688-CCA-R3-CD  - Filed May 2, 2008**

_____

The defendant, Troy Sollis, was convicted of two counts of possession of more than .5 grams of methamphetamine with intent to sell or deliver, two counts of possession of drug paraphernalia, one count of felony evading arrest, and two counts of misdemeanor evading arrest. The trial court imposed an effective sentence of 20 years, 11 months, and 29 days to be served in the Department of Correction. In this appeal, the defendant asserts that the trial court's comments during a pretrial conference established bias and that the sentence is excessive. Discerning no error, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3; Judgments of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and J.C. MCLIN, JJ., joined.

Harold R. Gunn, Humboldt, Tennessee, for the appellant, Troy Sollis.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilbur, Assistant Attorney General; and Larry Hardister, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The defendant's convictions relate to three separate incidents. On October 17, 2005, authorities received information that the defendant and an individual named Draper Lee were "cooking" methamphetamine "in a shop on Henry Johnson Road." West Tennessee Drug Task Force agent Eric Uselton arranged perimeter surveillance at the shop where the defendant and Mr. Lee were inside "getting high" on methamphetamine. After a short time, Crockett County Sheriff's Deputy Ray Jones observed two individuals leave the shop building and place several items into the trunk of a white Oldsmobile. The defendant then left driving the white Oldsmobile while Draper Lee was driving a brown vehicle. After Deputy Jones apprised other officers of the situation, Agent Uselton stopped and arrested Draper Lee. Crockett County Sheriff Troy Klyce observed the defendant driving the white Oldsmobile on London Road and attempted to stop the vehicle. The defendant

drove away at a high rate of speed, and a chase ensued during which the defendant's vehicle reached speeds of more than 90 miles per hour. Officers briefly lost sight of the defendant's vehicle after Sheriff Klyce ran off the road into a field. The officers discovered the defendant's vehicle abandoned in a cornfield a quarter of a mile down the road. The officers followed footprints into a swamp, where they lost track of the defendant. When the officers approached the vehicle, they noticed the odor of anhydrous ammonia, an ingredient used to manufacture methamphetamine. Upon opening the trunk, officers discovered a methamphetamine manufacturing operation and methamphetamine in various stages of completion, including some that needed only to be dried before ingestion.

Based upon the foregoing events, the defendant was charged with manufacturing more than .5 grams of methamphetamine, possession with intent to sell or deliver more than .5 grams of methamphetamine, and felony evading arrest.

On December 10, 2005, Crockett County Deputy Sheriff Jimmy Irvin saw the defendant traveling in a pick-up truck being driven by Charles Elmore. Upon seeing the vehicle, the officer turned around and fell in behind the vehicle. By the time he was able to effectuate a traffic stop, however, the defendant had left the vehicle. After placing Mr. Elmore under arrest, Deputy Irvin discovered a methamphetamine manufacturing operation behind the seat of the truck. The defendant had purchased the vehicle on the morning of the traffic stop.

Based on the December 10 stop, the defendant was charged with manufacturing more than .5 grams of methamphetamine, possession with intent to sell or deliver more than .5 grams of methamphetamine, possession of drug paraphernalia, and misdemeanor evading arrest.

On December 26, 2005, officers received information that the defendant was at the residence of Bonnie Weatherholt in Alamo, Tennessee. When the officers approached the residence, the defendant ran from the residence. The defendant refused to stop until Deputy Jones "shucked a round into the chamber" of his shotgun. At that point, the officers placed the defendant on the ground and handcuffed him. Deputy Jones found a small plastic bag containing methamphetamine lying on the ground under the defendant's body.

As a result of the December 26 arrest, the defendant was charged with possession with intent to sell or deliver less than .5 grams of methamphetamine, misdemeanor evading arrest, and possession of drug paraphernalia. At the conclusion of the trial, the jury convicted the defendant of two counts of possession with intent of more than .5 grams of methamphetamine, one count of felony evading arrest, two counts of misdemeanor evading arrest, and two counts of possession of drug paraphernalia.

*I. Trial Court's Remarks during Pretrial Conference*

In his first two issues, the defendant complains that the remarks made by the trial court during the pretrial conference amounted to its improper participation in plea negotiations and

interfered with its ability to exercise impartially its role as thirteenth juror. The State contends that the defendant has waived these two issues by failing to include them in a motion for new trial. We agree.

The record indicates that the defendant did not file a motion for new trial. In consequence, the issues regarding the trial court's pretrial remarks have not been preserved for appellate review. *See* Tenn. R. App. P. 3(e) (stating that "in all cases tried by a jury, no issue presented for review shall be predicated upon error in the admission or exclusion of evidence, jury instructions granted or refused, . . . or other ground upon which a new trial is sought, unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived"); *State v. Martin*, 940 S.W.2d 567, 569 (Tenn. 1997) (holding that a defendant relinquishes the right to argue on appeal any issues that should have been presented in a motion for new trial); *State v. Dodson*, 780 S.W.2d 778, 780 (Tenn. Crim. App. 1989).

## II. Sentencing

The defendant asserts that "the sentence is excessive under the sentencing considerations" for reasons that are not entirely clear. The defendant makes reference to the fact that prior to trial, the State had offered a plea agreement that included an effective Range I sentence of 10 years and asserts that the effective 20-year, 11-month, and 29 day sentence imposed post-trial "is inconsistent with the purpose of sentencing." He also contends that the "enhancement and mitigating factors were not weighed properly and the sentence is excessive under the sentencing considerations set out in Tennessee Code Annotated 40-35-103." Finally, he complains that the trial court should not have imposed consecutive sentencing. The State contends that the defendant has waived his sentencing complaints by failing to cite to the record and to appropriate authorities. In the alternative, the State submits that the sentence is appropriate given the severity of the offenses and the defendant's lengthy criminal record.

When a defendant challenges the length and manner of service of a sentence, this court generally conducts a de novo review of the record with a presumption that the determinations made by the trial court are correct. T.C.A. § 40-35-401(d) (2006). This presumption, however, is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). The burden of showing that the sentence is improper is upon the defendant. *Id*. If the review reflects the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this court must affirm the sentence, "even if we would have preferred a different result." *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). In the event the record fails to demonstrate the required consideration by the trial court, appellate review of the sentence is purely de novo. *Ashby*, 823 S.W.2d at 169.

In making its sentencing determination in the present case, the trial court, at the conclusion of the sentencing hearing, was obliged to determine the propriety of sentencing alternatives by considering (1) the evidence, if any, received at the sentencing hearings, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct involved, (5) evidence and information offered by the parties on the enhancement and mitigating factors, (6) any statements the defendant made in his behalf about sentencing, and (7) the potential for rehabilitation or treatment. T.C.A. § 40-35-210(b);-103(5) (2006); *State v. Holland*, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993).

## A. Length of Sentence

The defendant does not contest the application of any enhancement factor and argues only that the trial court assigned improper weight to the factors. As the State correctly points out, the 2005 amendments to the Sentencing Act removed the statutory provision that permitted a defendant to contest the weight attributed to the enhancement and mitigating factors. Prior to the 2005 amendment, Tennessee Code Annotated section 40-35-401 allowed an appeal on grounds that "[t]he enhancement and mitigating factors were not weighed properly, and the sentence is excessive under the sentencing considerations set out in § 40-35-103." T.C.A. § 40-35-401(b)(2) (2003). The 2005 amendment removed this provision. In addition, the 2005 amendment to Tennessee Code Annotated section 40-35-114 provides that the trial court "shall consider, but is not bound by" the enhancement factors, rendering them advisory in nature. Given these statutory provisions, this court is not free to consider on appeal the defendant's claim that the enhancement factors were not weighed properly.

## B. Consecutive Sentencing

When a defendant is convicted of multiple crimes, the trial court, in its discretion, may order the sentences to run consecutively if it finds by a preponderance of the evidence that a defendant falls into one of seven categories listed in Tennessee Code Annotated section 40-35-115. They are:

> (1) The defendant is a professional criminal who has knowingly devoted the defendant's life to criminal acts as a major source of livelihood; (2) The defendant is an offender whose record of criminal activity is extensive; (3) The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences; (4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high; (5) The defendant is convicted of two (2) or more statutory offenses

involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims; (6) The defendant is sentenced for an offense committed while on probation; or (7) The defendant is sentenced for criminal contempt.

T.C.A. § 40-35-115(b) (2006). The existence of a single category is sufficient to warrant the imposition of consecutive sentences, *see State v. Adams*, 973 S.W.2d 224, 231 (Tenn. Crim. App. 1997), and indeed, "[e]xtensive criminal history alone will support consecutive sentencing," *id*. In *State v. Wilkerson*, 905 S.W.2d 933 (Tenn. 1995), the supreme court imposed two additional requirements for consecutive sentencing when the "dangerous offender" category is used; the court must find consecutive sentences are reasonably related to the severity of the offenses committed and are necessary to protect the public from further criminal conduct. *Id.* at 937-39; *see State v. Imfeld*, 70 S.W.3d 698, 707-08 (Tenn. 2002).

In the present case, the trial court concluded that the defendant's criminal record is "sufficiently egregious" to warrant partially consecutive sentencing. The court ordered that each 16-year sentence for possession of methamphetamine be served concurrently to one another, that the 4-year sentence for felony evading arrest be served consecutively to the 16-year sentence, and that the 11-month and 29-day sentences for each of the misdemeanor evading arrest charges be served concurrently to each other but consecutively to the felony evading arrest, for an effective sentence of 20 years, 11 months, and 29 days.

The record establishes that the 42-year-old defendant has a criminal record that spans two decades and includes a total of 26 prior convictions. The defendant's extensive criminal history supports the imposition of consecutive sentencing in this case.

Accordingly, the judgments of the trial court are affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE